UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SOHAIL QURESHI, on behalf of himself and all :
others similarly situated, :
:
                      Plaintiff, : MEMORANDUM & ORDER
:
        -against- : 18-CV-4522 (ENV) (RML)
:
VITAL RECOVERY SERVICES, INC., :
                      Defendant. :
------------------------------------------------------------ x
VITALIANO, D.J.

    Plaintiff Sohail Qureshi initiated this action against Vital Recovery Services, Inc. ("VRS"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. For the reasons set forth below, the motion to dismiss is granted.

Background[1]

    On August 18, 2017, Qureshi received a consumer debt collection letter from VRS, offering to resolve an outstanding debt of $888.84 for "80% of the total balance [owed] on [the] account," that is, for $711.07. Dkt. 1-2 (the "letter"). The letter set forth an "account summary" listing the following amounts: $888.84 in "principal amount due," $0 each in "interest due" and "misc[ellaneous] fee due," and $888.84 in "total balance due." *Id.*; *see also* Dkt. 1 ("Compl.")

---

[1] The background facts are taken from the complaint and the attached exhibit. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). All facts alleged in plaintiff's pleadings are taken as true and all reasonable inferences are drawn in his favor. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

¶¶ 10-12. According to Qureshi, the letter misrepresented the amount and character of the alleged debt and conveyed an implicit threat to coerce him to pay it. Essentially, after alleging that no interest or miscellaneous fees were accruing on his account, and that VRS was not entitled to charge any, Qureshi contends that, notwithstanding reality to the contrary, on these misrepresentations, surely, "[t]he least sophisticated consumer would understand that charges and fees would begin to accrue on the account if he did not pay." *Id.* ¶¶ 13-20. He alleges violations of § 1692e of FDCPA on behalf of himself and the putative class of persons in receipt of VRS's standardized form letter. *Id.* ¶ 22; *see also id.* at 5-9.

## Standard of Review

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

## Discussion

Though not likely intended to be the well-spring of innumerable litigation, FDCPA was enacted to

> eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). Of its myriad protections, Qureshi invokes two here: § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt;" and, addressed for the first time in his opposition papers,

2

§1692g, which requires a debt collector "to send the consumer a written notice containing the amount of the debt." *See* Dkt. 12 ("Pl.'s Opp'n") at 2, 9. Offering insight regarding the language of the complaint, whether a collection letter complies with these provisions is determined from the perspective of the, unflatteringly, "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Such an individual may lack "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citation omitted). He is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal citations omitted).

I. <u>Section 1692e</u>

Section 1692e prohibits, *inter alia*, false representations as to "the character, amount, or legal status of any debt," § 1692e(2)(A); "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," § 1692e(5); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," § 1692e(10). Under the least sophisticated consumer standard, a collection letter "can be deceptive" if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (internal citations and quotation marks omitted). While this standard is broad, § 1692e is nevertheless limited by the materiality requirement, under which "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer]." *Id.* (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)). Consequently, a plaintiff may proceed on a § 1692e claim only where the false

3

statement "would frustrate a consumer's ability to intelligently choose his or her response," not where it conveyed "mere technical falsehoods." *Id.* at 86.

Instructively, given the purely legal nature of this analysis "[w]here, as here, an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." *Dick v. Enhanced Recovery Co., LLC*, No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556, at *3 (E.D.N.Y. Sept. 28, 2016) (granting motion to dismiss § 1692e claim based on collection letter) (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005)).

In the complaint, Qureshi alleges first, that the letter misrepresents the amount and character of the debt, in violation of § 1692e(2)(A), by implying that interest and miscellaneous fees might accrue even though no such fees were contractually permissible; second, that the letter thereby threatens to take action that VRS could not legally take or did not intend to take, in violation of § 1692e(5); and third, that these alleged misrepresentations and implicit threats constitute the use of deceptive means to collect the debt, in violation of § 1692e(10).

The first claim is utterly meritless. The letter sets forth the principal amount of the debt, which is $888.84; a $0 balance for interest; a $0 balance for miscellaneous fees; and, since there is no outstanding charge besides principal, a total balance due of $888.84. Qureshi does not contest the accuracy of these numbers but insists that the inclusion of zero-balance line items somehow misrepresented the amount of the debt. Taking this argument at face value, the Court notes that the least sophisticated consumer standard does not assume the absence of all mathematical knowledge, including the concept of zero and its application to grade-school arithmetic. Since Qureshi does not contend that the amount referenced in the letter is incorrect, he fails to allege a misrepresentation as to the amount of the debt. *See Dick*, 2016 WL 5678556,

4

at \*7 ("To state a claim under section 1692e(2) a consumer must allege that the amount sought by the collector is incorrect.").

Turning now to any mischaracterization in the letter, Qureshi does not allege that the letter demands payment of a debt that he does not owe. *See Barrios v. Enhanced Recovery Co., LLC*, No. 15-CV-5291 (ILG), 2018 WL 5928105, at \*4 (E.D.N.Y. Nov. 13, 2018) ("The premise of such liability is not that the debtor has attempted to collect from the wrong person *per se*, but that they have made a false representation about the character of the debt—namely, about the person who owes it."); *Wong v. Alternative Claims Mgmt., LLC*, No. 17-CV-3133 (ER), 2017 WL 5635533, at \*3 (S.D.N.Y. Nov. 22, 2017) (denying motion to dismiss where plaintiff alleged debt collector "sent him a notice requesting a payment that he did not, in fact, owe"); *see also Rhone v. Med. Bus. Bureau, LLC*, 915 F.3d 438, 440 (7th Cir. 2019) (discussing absence of case law defining "character" and concluding that letter aggregating multiple debts owed to a single creditor "does not affect the genesis, nature, or priority of the debt and so does not concern its character"). Accordingly, Qureshi's first FDCPA claim fails.

For similar reasons, Qureshi's implicit threat claim, under § 1692e(5), and catchall claim, under § 1692e(10), also fail. Absolutely nothing in the letter implies that VRS might add interest and fees to induce him to pay, and, as plaintiff himself alleges, there was no contractual basis for VRS to pursue them. *See Beauchamp v. Fin. Recovery Servs., Inc.*, No. 10-CV-4864 (SAS), 2011 WL 891320, at \*1 (S.D.N.Y. Mar. 14, 2011) (denying motion to dismiss where language that interest and other charges "may or may not be applicable" constituted threat to take action that debt collector did not intend to take); *Dick*, 2016 WL 5678556, at \*6 ("Such threats have been found where an assertion of a then-current state of affairs is coupled with a temporal qualification."). The mere itemization of a $0 balance for interest and fees has no coercive

import. Since Qureshi's § 1692e(10) claim, as pleaded, is contingent on the assertions that the letter misrepresented the debt and carried an implied threat, the failure to allege those violations is fatal as well.

Having failed to identify a material misrepresentation or a threat to take improper action, plaintiff muses, "Why couldn't an unsophisticated consumer logically conclude that additional charges may incur if the current balance is listed as zero?" Pl.'s Opp'n at 8. Such a "conclusion" from a zero charge, of course, would be far from "logical." Then, seeking to add a second floor to his house of cards, Qureshi contends that the least sophisticated consumer "may assume . . . that charges were not added but could be added in the future if he did not pay." *Id.*

Bluntly, this reasoning ignores the total absence of language in the letter suggesting even the slightest possibility that additional charges might accrue—without which plaintiff's proposed reading is both idiosyncratic and irrational. *See Rozier v. Fin. Recovery Sys., Inc.*, No. 10-CV-3273 (DLI) (JO), 2011 WL 2295116, at *3 (E.D.N.Y. June 7, 2011) (denying motion to dismiss where letter stated that "interest, late charges, and other charges *may or may not* be applicable to this account" (emphasis added)); *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) (granting plaintiff summary judgment where letter stated that "balance *may* include additional charges including delinquency charges . . . *if* said charges are permissible in accordance with the terms of [the parties'] agreement" (emphasis added)).[2] The mere inclusion of zero-balance line items for interest and fees does not imply that such charges may accrue in

---

[2] Seventh Circuit case law, among other non-binding decisions relied upon by plaintiff in his opposition papers, is distinguishable for largely the same reasons. *See* Pl.'s Opp'n at 6-9.

the future, just as a statement that an act did not occur in the past does not, on its own, suggest that it may occur in the future.[3]

Furthermore, to the extent that Qureshi contends debt collectors must advise consumers that no interest or other fees are accruing, that argument has been explicitly rejected by the Second Circuit.[4] *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (holding that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e"); *see also Bella v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, No. 17-CV-6115 (ENV) (VMS), 2019 WL 2295840, at *2 (E.D.N.Y. May 30, 2019) (dismissing complaint that alleged collection letter violated FDCPA by listing "total current balance" without identifying if "interest, late charges, and/or other charges were not accruing").

This Court is not the first to draw this conclusion.[5] Multiple district courts within this

---

[3] In light of Qureshi's allegation that this is a standardized form letter, the sole basis on which he styles this matter as a putative class action, the Court notes that there is an obvious reason why a form debt collection letter would include line items for principal, interest, and miscellaneous fees—that is, unless every debt collected by VRS consists of principal only, it is inevitable that the letter would be used for the collection of debts that do include interest and fees, and where such a breakdown is particularly helpful to consumers.

[4] Qureshi does not challenge VRS's representation in the letter that if he accepted the offer, VRS would cease all collection efforts and inform the creditor that his account was resolved in full. Thus, there is no concern here, as in other cases, that plaintiff's payment of the balance stated in the letter would not satisfy the debt in full. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors . . . to disclose that the balance may increase due to interest and fees.").

[5] The fact that identical allegations have already been litigated in this District is not surprising, given that Qureshi's suit falls within an evolving, and ever-expanding, series of § 1692e cases

circuit have dismissed § 1692e claims based on collection letters containing language virtually identical to that in the letter received by Qureshi. *See Dick*, 2016 WL 5678556, at *4-5 (dismissing FDCPA claims based on letter listing plaintiff's original balance as well as $0 balances for "interest accrued" and "non-interest charges and fees"); *Hussain v. Alltran Fin., LP*, No. 17-CV-3571 (ARR) (CP), 2018 WL 1640584, at *1 (E.D.N.Y. Apr. 4, 2018) (dismissing § 1692e and § 1692g claims based on letter that itemized total "interest post charge-off" and "non interest fees post charge-off" as $0 without indicating "whether interest might accrue in the future"). Similar results have obtained in cases addressing letters in which itemized interest had a non-zero but static balance. *See, e.g., Lundi v. R.A. Rogers, Inc.*, No. 18-CV-3460 (ERK) (RLM), 2019 WL 1232087, at *1 (E.D.N.Y. Mar. 15, 2019) (dismissing § 1692e claim where letter listed static interest balance and did not state whether interest continued to accrue); *Polizois v. Vengroff Williams, Inc.*, No. 16-CV-7011 (JFB) (GRB), 2018 WL 1443875, at *6 (E.D.N.Y. Mar. 22, 2018) ("[P]laintiff has not identified any authority for her argument that a collection letter must affirmatively notify a debtor that her balance *is not accruing* interest or fees." (emphasis in original)). Plaintiff has presented no reason to depart from the sound reasoning

---

relying on overly literal interpretations of clarificatory circuit decisions. *See Kraus v. Prof'l Bureau of Collections of Maryland, Inc.*, 281 F. Supp. 3d 312, 322 (E.D.N.Y. 2017) (noting that "the number of FDCPA cases filed yearly in this District has more than quintupled" since 2006, relegating FDCPA litigation to "a glorified game of 'gotcha,' with a cottage industry of plaintiffs' lawyers filing suits over fantasy harms the statute was never intended to prevent"). The Court is mindful, in light of the seemingly endless permutations in which such claims have arisen, that interpreting FDCPA "[t]o require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer – precisely the type of letter the FDCPA is meant to protect consumers against." *Dick*, 2016 WL 5678556, at *8.

8

guiding those decisions, nor does the Court discern any.

II.     Section 1692g

Having fallen short of his objective under § 1692e, Qureshi attempts to change tack through the medium of his opposition papers, asserting an alternative § 1692g claim.[6] First, the Court notes that the complaint does not cite or otherwise allude, even obliquely, to § 1692g. Thus, no notice was provided in the complaint that plaintiff might assert an alternative claim on this theory, and he cannot allege a new claim for the first time in opposition to a motion to dismiss. In any event, the putative § 1692g allegations he offers are self-contradictory, specifically that no interest and fees were accruing on his account and that VRS was not contractually entitled to charge any. Compl. ¶¶ 14-15; *see also* Dkt. 13 ("Def.'s Reply") at 4 (agreeing that "[n]o interest, fees, or costs are accruing").

Then, in a blind-side hit sharp enough to induce whiplash, Qureshi argues that

> Defendant did not deny . . . that it was *not* contractually entitled to receive fees or collection costs. Therefore, assuming arguendo that Defendant *was* legally entitled to charge additional fees in the future, it had a duty under § 1692(g)(1) to inform Plaintiff of a possible varying balance.

Pl.'s Opp'n at 9 (emphasis added). Astoundingly, there is no basis to assume that VRS was entitled to assess any interest or fees, and that, as a result, the balance due on Qureshi's debt could possibly vary. On the contrary, the core of this lawsuit is plaintiff's misguided contention that VRS was required to affirmatively advise him that no fees were accruing so that he was not

---

[6] He also adds the assertion that his account was "charged off in April 2017." Pl.'s Opp'n at 7. As VRS observes, the complaint makes no reference to charge-off, and, "if the debt was charged off then [VRS] was required by law to itemize interest and other non-interest charges." Def.'s Reply at 5 (citing 23 N.Y.C.C.R. 1.2(b)).

9

mislead by the inclusion of $0 balance line items for interest and fees. Although that premise has proven fundamentally flawed, as discussed above, that does not enable plaintiff to radically overhaul his theory of liability at the eleventh hour, in direct contradiction to factual allegations already pleaded in the complaint.

Furthermore, this new § 1692g claim would fail even if it did not entail a 180-degree turn from the factual allegations he avers in the pleadings. Section 1692g requires the disclosure of the amount of the debt—meaning "the total, present quantity of money that the consumer is obligated to pay." *Kolbasyuk*, 918 F.3d at 240. The letter discloses the "total balance due," and Qureshi does not allege that this amount was an estimate subject to additional fees or otherwise inaccurate. *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 211 (2d Cir. 2017) (finding violation of § 1692g where fine print stated that total amount due "may include estimated fees, costs, additional payments and/or escrow disbursements . . . which are not yet due" without specifying what those fees were or how they were calculated). As the Second Circuit explained in *Taylor*, § 1692g is to be read "in harmony" with § 1692e. *Taylor*, 886 F.3d at 215. As discussed above, because the letter accurately stated the amount of the debt owed, it did not violate either provision. Accordingly, the motion to dismiss must be granted.

## Conclusion

For the reasons set forth above, the motion to dismiss is granted in its entirety. The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York

August 6, 2019

/S/ Eric N. Vitaliano
_____
ERIC N. VITALIANO

United States District Judge